IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,485-01




EX PARTE ANTHONY DEWAYNE CORNELIUS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 22,027-A IN THE 411TH DISTRICT COURT
FROM POLK COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and four counts of sexual assault of a child. He was sentenced
to twenty-five years in prison for both aggravated sexual assault convictions and twenty years in
prison for the remaining sexual assault convictions. The sentences are to be served concurrently, and
there was no direct appeal.
            Applicant contends that his guilty pleas were involuntary because his trial counsel told him
several counts would be dismissed if he pled guilty to other counts. Applicant includes purported
notes from his trial counsel that suggest such a plea offer may have existed. Applicant also asserts
that his trial counsel failed to investigate an exculpatory text allegedly sent by one of the
complainants to Applicant’s son, complainant recantations stating their accusations were coerced
by police, and another exculpatory statement allegedly made by the mother of one of the
complainants. The plea papers are not in the record, and there is no affidavit from trial counsel
responding to the claims.
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that his guilty pleas were involuntary and that he received the ineffective assistance of trial
counsel. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: May 22, 2013
Do not publish